IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 15-30079-DRH |
| ) | |
| RICHARD HOGG, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF FACTS

The parties hereby stipulate that, if this case had proceeded to trial, the United States would have proven the following beyond a reasonable doubt:

1. On October 23, 2014, an Intelligence Analyst with the FBI found information on the internet that Defendant Richard Hogg had engaged in a sexually explicit chat with what the defendant apparently believed to be a minor female, as well as other reports of the defendant soliciting minors to engage in sex acts. The Intelligence Analyst also uncovered information on a website in which the defendant claimed to have had sexual intercourse with his twelve (12) year old daughter, and indicated that he had abused her sexually since she was five (5) years old.

2. Based on this information, on February 3, 2015, the FBI Intelligence Analyst and a FBI Special Agent went to the defendant's residence in Highland, Illinois, within the Southern District of Illinois, in order to conduct a "knock and talk." During this contact with the law enforcement agents, the defendant agreed to provide a voluntary statement. The defendant said that he owned two (2) desktop computers and one (1) laptop computer. The defendant also admitted chatting online with a girl he believed to be sixteen (16) years old who resided in New York, and that the chats were sexual in nature. Defendant stated that he began viewing pornography in 2007, and that he gradually started viewing younger females. When asked if

images of prepubescent children would be found on his computer, the defendant replied in the affirmative. Defendant denied molesting his two (2) daughters between the ages of five (5) and twelve (12), claiming that it was "just talk." When asked what the pictures he owned showed with respect to the minor females, the defendant replied "everything." When asked how often he chatted with young females online, the defendant said that it likely occurred a "few times a month." The defendant estimated that he had approximately 1,000 images and four (4) videos of child pornography on his computers, and that they would be found in the "My Pictures" folder on his computers. The defendant said that the images typically included a "dad" with their children. At the end of the interview, the defendant signed a written consent form allowing the FBI to search a Dell desktop computer, Model Number Inspiron 560 S, bearing serial number 58VKDQ1; a Seagate external hard drive, Model Number BUP Slim BK, bearing serial number NA787MRQ; and a Dell desktop computer, Model Number Inspiron One 2020, bearing serial number 2DMW9R1.

3. A forensic review of the Dell desktop computer, Model Number Inspiron 560 S, bearing serial number 58VKDQ1; a Seagate external hard drive, Model Number BUP Slim BK, bearing serial number NA787MRQ; and a Dell desktop computer, Model Number Inspiron One 2020, bearing serial number 2DMW9R1; revealed that these devices contained approximately 1,206 image and 54 video files of child pornography when they were seized on February 3, 2015. Many of the images contained on all three (3) of the devices were of prepubescent children. In addition, because all and/or some of the components of the Dell Inspiron 560 S, the Seagate external hard drive, the Dell Inspiron One 2020, had been manufactured outside the State of Illinois, the image and video files of the prepubescent child pornography had been produced on the computers and external hard drive using materials that had been shipped or transported in or

affecting interstate or foreign commerce prior to February 3, 2015. Moreover, the image and video files of child pornography found on these devices had been shipped and transported using any means or facility of interstate commerce because they had been downloaded to these devices via the Internet, a facility of interstate commerce.

4. The forensic review also indicated that, from on or about July 26, 2014, until on or about November 20, 2014, the defendant distributed image and/or video files, including, but not limited to, the three (3) video files of child pornography charged in the Indictment, by using a means or facility of internet commerce, to wit: the Internet.

5. In addition, the forensic review revealed that, on or about July 26, 2014, the defendant received image and/or video files of child pornography, including, but not limited to, the image file charged in the Indictment, by using a means or facility of internet commerce, to wit: the Internet.

6. The forensic review also revealed that, on or about August 28, 2014, the defendant received image and/or video files of child pornography, including, but not limited to, the image file charged in the Indictment, by using a means or facility of internet commerce, to wit: the internet.

7. Moreover, the forensic review revealed that, on or about November 20, 2014, the defendant attempted to access with the intent to view an image of child pornography, namely, the image charged in the Indictment, in which the image had been shipped or transported using any means or facility of interstate commerce, to wit: the Internet. Furthermore, the image was produced on components, all or some of which were manufactured outside of the State of Illinois, and therefore had to have been mailed, shipped or transported in or affecting interstate or foreign commerce prior to November 20, 2014.

8. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea and is not necessarily an exhaustive account of the defendant's criminal activity.

**SO STIPULATED:**

_____
RICHARD HOGG
Defendant

_____
BRIAN POLINSKE
Attorney for Defendant

Date: 1/25/16

_____
ANGELA SCOTT
Assistant United States Attorney

Date: 1/25/16